

**CT Corporation**
Service of Process Notification
06/16/2022
CT Log Number 541761241

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | Process Served in Texas |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GARDNER CYNTHIA // To: Wal-Mart Stores Texas, LLC<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Certificate(s) |
| **COURT/AGENCY:** | 189th Judicial District Court of Harris County, TX<br>Case # 202235726 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 01/09/2021, Wal-Mart located at 2901 Riley Fuzzel Road, Spring, Harris County, Texas, 77386 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/16/2022 at 13:26 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | William Bernard Asare<br>Bonilla & Chapa, P.C.<br>2727 Morgan Avenue<br>P.O. Drawer 5488<br>Corpus Christi, TX 78465<br>361-881-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2022, Expected Purge Date: 06/21/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
06/16/2022
CT Log Number 541761241

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jun 16, 2022
**Server Name:** Mauricio Segovia

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 202235726 |
| Jurisdiction | TX |

| Inserts ||
|---|---|
|  |  |



```
                                            Receipt Number: 932918
                                            Tracking Number: 74017596
EML
COPY OF PLEADING PROVIDED BY PLT
```

CAUSE NUMBER: 202235726

| | |
|---|---|
| PLAINTIFF: GARDNER, CYNTHIA | In the 189th Judicial |
| vs. | District Court of |
| DEFENDANT: WAL-MART STORES TEXAS LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES TEXAS LLC MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSYTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on June 15, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this June 16, 2022.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: carolina salgado

Issued at request of:
ASARE, WILLIAM BERNARD
2727 MORGAN AVENUE
PO BOX 5488
CORPUS CHRISTI, TX  78465-5488
361-881-1000
Bar Number: 24073862

```
                                            Mauricio Segovia
                                            PSC1689 Expires 8/31/2022
                                            2022/06/16 13:26:37
```

```
                                              Tracking Number: 74017596
                                                                   EML


                        CAUSE NUMBER: 202235726
```

| | |
|---|---|
| PLAINTIFF: GARDNER, CYNTHIA | In the 189th |
| vs. | Judicial District Court |
| DEFENDANT: WAL-MART STORES TEXAS LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____                         _____
                                            _____ of _____
County, Texas
_____     By: _____
            Affiant                              Deputy

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

                                            _____
                                                     Notary Public

Case 4:22-cv-02367   Document 1-2   Filed on 07/15/22 in TXSD   Page 6 of 12

6/15/2022 8:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65450022
By: Carolina Salgado
Filed: 6/15/2022 8:35 AM

RB/cnh

CAUSE NO. _____

| | | |
|---|---|---|
| **CYNTHIA GARDNER** *Plaintiff* | § § § | **IN THE DISTRICT COURT** |
| VS. | § § § | _____ **JUDICIAL DISTRICT** |
| **WAL-MART STORES TEXAS, LLC** *Defendant* | § § § | **HARRIS COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES CYNTHIA GARDNER**, hereinafter referred to by name or as Plaintiff, and files this her Plaintiff's Original Petition, complaining of and about **WAL-MART STORES TEXAS, LLC**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends to conduct discovery in this cause of action under **Discovery Control Plan, Level 3,** in accordance with **Rule 190.4 of the Texas Rules of Civil Procedure.**

## II.
## JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper in **Harris** County, Texas, because that is where all or part of the action accrued.

## III.
## PARTIES

1.  Plaintiff is a resident of Houston, Harris County, Texas.

2. Defendant **WAL-MART STORES TEXAS, LLC**, is a limited liability company based in Texas, and may be served with process as follows: **By and Through its Registered Agent for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

### IV.

By its conduct, Defendant had extended an open invitation to the public, including Plaintiff, to enter the premises of the **Wal-Mart located at 2901 Riley Fuzzel Road, Spring, Harris County, Texas 77386, on or about January 9, 2021.** And on this date, Plaintiff was on these premises to shop for items. Consequently, Plaintiff was an invitee on or about **January 9, 2021,** to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard the Plaintiff from unreasonably dangerous conditions on the premises and to warn the Plaintiff of their existence.

### V.

On or about January 9, 2021, Plaintiff entered the Defendant's premises to shop for items. Plaintiff was walking down an aisle to look for an item. In this aisle, there were boxes on shelves above the customers that were not properly secured. There was no warning in place concerning this hazard. As Plaintiff was looking for items down this aisle, the improperly secured boxes on a shelves above the Plaintiff fell. The boxes landed on the Plaintiff. As a result of these boxes falling on the Plaintiff, Plaintiff sustained multiple severe injuries.

### VI.

Plaintiff would show the Court that Defendant was negligent in the following respects:

a. Improper placement of the boxes in aisle open to customers, including the Plaintiff;

b. Improper handling of the boxes;

    c.    Failing to properly place boxes in aisle open to customers, including the Plaintiff;

    d.    Failing to properly secure boxes in aisle open to customers, including the Plaintiff;

    e.    Failing to timely inspect inventory in the aisle;

    f.    Failing to properly train staff on safety and maintenance to ensure a safe environment;

    g.    Failing to warn visitors of the improperly secured boxes;

    h.    Negligent hiring and negligently retaining staff; and

    i.    Failing to provide and maintain a safe environment.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, were the proximate cause of the injuries and damages sustained by Plaintiff as more fully described below.

## VII.

At all times material hereto, all agents, servants, and/or employees for the Defendant who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligence acts and omissions of its employees under the doctrine of *Respondeat Superior*.

## VIII.

Defendant directly and proximately caused the injuries and damages suffered by Plaintiff. The incident at issue and subsequent injuries suffered by Plaintiff were of a kind which do not ordinarily occur in the absence of negligence on the part of Defendant. Therefore, the doctrine of *Res Ipsa Loquitur* is applicable as a theory of negligence, causation and damages in this case and appropriately pled herein.

### IX.

The improperly placed and unsecured boxes in shopping aisle on a shelf high above shoppers was an unreasonably dangerous condition left on the Defendant's property. Prior to her injury, Plaintiff had no knowledge of this condition. Defendant, on the other hand, had both actual and constructive knowledge of this unreasonably dangerous condition before this incident occurred. Although Defendant knew (both actually and constructively) of this unreasonably dangerous condition, Defendant failed to protect and safeguard Plaintiff from the unreasonably dangerous and hazardous condition. Defendant also failed to provide warning as to this unreasonably dangerous condition. Plaintiff's injuries were proximately caused by the negligence of Defendant in having actual and constructive knowledge of the existence of an unreasonably dangerous condition yet allowing the condition to exist without warning.

### X.

Plaintiff would further assert and allege that as a direct and proximate result of the acts of omission and/or commission of the Defendant, its agents, servants and/or employees, the Plaintiff has suffered and will in all likelihood continue to suffer, the following elements of damages:

    a. reasonable and necessary medical expenses occurring in the past and which will, in all reasonable probability, will be suffered in the future;

    b. pain, suffering and mental anguish occurring in the past and which will, in all reasonable probability, will be suffered in the future;

    c. physical impairment in the past and which will, in all reasonable probability, be suffered in the future;

    d. physical disfigurement in the past and which will, in all reasonable probability, be suffered in the future; and

    e. Loss of wages in the past and in all reasonable probability, in the future.

All of said damages are far in excess of the minimum jurisdictional requirements of this Honorable

Court.

As a direct and proximate result of the negligence of Defendant as described above, Plaintiff has incurred and will continue to incur expenses for medical care and treatment in an amount within the jurisdictional limits of this court.

## XI.

Plaintiff is entitled to recover pre-judgment and post-judgment interest as provided by law.

## XII.
## MONETARY RELIEF

Plaintiff seeks monetary relief less than $75,000.00.

## XIII.
## JURY DEMAND

Plaintiff requests a trial by jury.

## XIV.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case may be used at any pretrial proceeding or at the trial of this matter.

## XV.
## DESIGNATED E-SERVICE ADDRESS

The following is the undersigned attorney's designated E-Service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: bc_efile@bonilla-chapalaw.com. This is the undersigned's only E-Service e-mail address, and service through any other e-mail address will be considered invalid.

## XVI.

## REQUIRED DISCLOSURES

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

**WHEREFORE**, Plaintiff prays that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiff have judgment against Defendant, together with all pre-judgment and post-judgment interest as allowed by law, court costs, and such other and further relief that Plaintiff may be justly entitled by law and equity.

Respectfully submitted,

**BONILLA & CHAPA, P.C.**
2727 Morgan Avenue
P.O. Drawer 5488
Corpus Christi, Texas 78465-5488
Telephone: 361/881-1000
Facsimile: 361/881-1028

**Ruben Bonilla**
SBN: 02601000
rbon1@swbell.net
**Ed Chapa**
SBN: 04113900
edchapa@bonilla-chapalaw.com
**William Asare**
SBN: 24073862
b.asare@bonilla-chapalaw.com

E-SERVICE: bc_efile@bonilla-chapalaw.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 65450022
Status as of 6/15/2022 8:40 AM CST

Associated Case Party: Cynthia Gardner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ruben Bonilla | | bc_efile@bonilla-chapalaw.com | 6/15/2022 8:35:27 AM | SENT |