United States District Court
Southern District of Texas
ENTERED
August 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATIE CARDER, Plaintiff, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-2367 |
| WALMART STORES TEXAS, LLC, Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendant Wal-Mart Stores, LLC ("Wal-Mart") (Dkt. 13). After carefully reviewing the motion, summary judgment record as a whole, and the applicable law, the Court finds that Wal-Mart's motion should be **GRANTED**.

## FACTUAL BACKGROUND

In 2019, Plaintiff Katie Carder went to a store owned by Wal-Mart located in Humble, Texas. While shopping, Carder slipped and fell in a restroom. (Dkt. 2 at 8). Carder later filed this action against Wal-Mart in state court asserting claims for negligence and premises liability. (Dkt. 2 at 6-11). Wal-Mart removed the case to federal court. (Dkt. 1).

Wal-Mart filed a motion for summary judgment. (Dkt. 13). Carder did not respond. The Court considers Wal-Mart's motion below.

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "[T]he nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of [her] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks and citation omitted); *see also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts.").

Conclusory allegations and unsubstantiated assertions do not satisfy the nonmovant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "In assessing whether genuine disputes of material fact exist, the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (internal quotation marks and citation omitted). The court "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the non-movant's favor. *Id.*

Summary judgment may not be awarded by default simply because there is no opposition. *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

**ANALYSIS**

Wal-Mart argues that it is entitled to summary judgment with respect to Carder's premises liability claim because Carder has not submitted any discovery requests and has not presented any evidence in support of her premises liability claim. The Court agrees.

To prevail on a premises-liability claim under Texas law, a plaintiff must establish that: (1) the property owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the property owner did not exercise reasonable care to reduce or eliminate the unreasonably dangerous condition;

and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk proximately caused the invitee's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

The existence of actual or constructive notice of a premises defect is a threshold requirement in a premises liability case. *See Henkel*, 441 S.W.3d at 251. To have actual notice of a dangerous condition, the property owner must know of the condition and fail to take reasonable steps to eliminate the risk. *See Keetch*, 845 S.W.2d at 265. Constructive knowledge can be established "by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc.*, 15 S.W.3d at 102. This so-called "time-notice rule" is "firmly rooted in [Texas] jurisprudence," and "based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815-16 (Tex. 2002).

Carder failed to adduce (1) any evidence of a condition that posed an unreasonable risk of harm, or (2) any evidence that Wal-Mart had actual or constructive notice of such a condition. "Under federal law [] it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Thus, summary judgment on Carder's claims is in order.

## CONCLUSION

Wal-Mart's Motion for Summary Judgment (Dkt. 13) is **GRANTED** and this case dismissed with prejudice.

SIGNED at Houston, Texas this 7th day of August, 2023.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE